UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE CIRINCIONI, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, a municipal corporation; SYLVIA SOWADSKI, an individual; and DOES 1-25 inclusive,<br><br>                              Defendants. | Case No.: 3:20-cv-01644-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the Motion to Dismiss and the Motion to Strike filed by Defendants City of San Diego and Sylvia Sowadski. (ECF No. 5).

### I.      PROCEDURAL BACKGROUND

On August 24, 2020, Plaintiff Jasmine Cirincioni initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants City of San Diego ("City"); Sylvia Sowadski; and DOES 1-25, inclusive. (ECF No. 1). Plaintiff alleges that Defendant City Park Ranger Sowadski shouted, "Don't ever let me see you in MY park again!  I'm giving you a ticket!", as Plaintiff was jump-starting her RV in San Diego's Mission Bay Park. *Id*. at 2 (emphasis omitted). Plaintiff alleges that two Defendant DOE

City police officers "forced their way into [Plaintiff's] RV and pushed her down, roughed her up, handcuffed her, placed her in the back of a police cruiser, confiscated her dog, held a news conference to announce that she'd committed a felony, and then took her to jail." *Id*. Plaintiff brings the following eight causes of action: (1) violation of 42 U.S.C. § 1983 (4th and 14th Amendments) against Defendants City and DOES 1-25; (2) assault/battery by peace officers against Defendants City and DOES 1-2; (3) negligence against all Defendants; (4) failure to train, supervise, and discipline in violation of 42 U.S.C. § 1983 against Defendant City; (5) false arrest/imprisonment against Defendants City and DOES 1-25; (6) intentional infliction of emotional distress ("IIED") against all Defendants; (7) defamation against Defendants City and DOES 1-25; and (8) violation of California Civil Code § 52.1 against all Defendants. *See id*. at 11-20. Plaintiff seeks general and special damages, injunctive relief, attorney's fees and costs, and "[s]uch other and further relief as this Court deems just and proper." *Id*. at 21.

On November 13, 2020, Defendants City and Sowadski filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike portions of Plaintiff's Complaint as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 5). On January 11, 2021, Plaintiff filed a Response in opposition. (ECF No. 8). On January 15, 2021, Defendants City and Sowadski filed a Reply. (ECF No. 9).

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff's RV was legally parked in San Diego's Mission Bay Park when its battery died. *See* ECF No. 1 at 4. In order to jump-start her RV, Plaintiff positioned her Jeep "with its two front wheels partly on a wood-chip area adjacent to the front end of the RV's parking spot." *Id*. at 5. After jump-starting her RV, Defendant City Park Ranger Sowadski pulled up beside Plaintiff. *See id*. Defendant Sowadski "loudly and aggressively" asked Plaintiff what she was doing. *Id*. When Plaintiff explained that she was jump-starting her RV, Defendant Sowadski shouted "Don't you ever park in MY park like this! . . . I don't

care what it's for!" *Id.* (emphasis omitted). When Plaintiff again explained what she was doing, Defendant Sowadski replied "I don't care! . . . You get off MY lawn and don't ever let me see you in MY park again...!" *Id.* (second alteration in original) (emphasis omitted). Plaintiff responded "'Yes m'aam, sorry, have a great day,' got into the Jeep, and started the engine, intending to move the Jeep 'off the lawn'" as Defendant Sowadski had instructed. *Id.* (emphasis omitted). However, before Plaintiff could move her Jeep, Defendant Sowadski stood directly behind it, blocking Plaintiff's way, and took pictures of it. *See id.* at 5-6. After Plaintiff moved her Jeep and walked back to her RV, Defendant Sowadski shouted that she was going to give Plaintiff a ticket. *See id.* at 6. "After a few more moments of back-and-forth remarks," Plaintiff went inside her RV. *Id.*

Five to ten minutes later, Plaintiff heard a knock on the door of her RV. *See id.* Initially, Plaintiff ignored the knock and did not open the door because she assumed it was Defendant Sowadski. *See id.* However, Plaintiff opened the door after the knocking intensified and objects began falling inside the RV. *See id.*

Two Defendant DOE City police officers were standing outside. *See id.* One of the officers stated that Defendant Sowadski had showed them pictures of Plaintiff's Jeep parked on the grass. *See id.* When Plaintiff explained that she was jump-starting her RV, one of the officers instructed Plaintiff to "come outside to sign for the parking ticket . . . ." *Id.* (emphasis omitted). Plaintiff responded

> That's not true . . . I don't have to sign for a parking ticket. Show me where by law I have to sign a ticket. I've never been asked to do such a thing, and the Ranger didn't ask me to do that. She can just leave the ticket on the car as they normally do.

*Id.* at 7 (emphasis omitted). One of the officers warned Plaintiff that if she did not exit her RV, they would arrest her. *See id.*

Suddenly, the officers lunged into the RV and push their way inside "without permission to enter, reason, probable cause or warrant." *Id.* The officers "grab[bed] [Plaintiff] by her arms and force[d] her backward and down hard onto the couch seat inside

the RV." *Id*. When one of the officers "twist[ed] one of [Plaintiff's] arms behind her back," Plaintiff exclaimed "Owwww! I have a torn tendon and you're hurting me!" *Id*. (emphasis omitted). When the officer was instructed to release Plaintiff's arm, the officer stated "I'm not hurting her" and "I'm not letting her go." *Id*. at 8 (emphasis omitted). The officers handcuffed Plaintiff's arms "tightly behind her back." *Id*. Plaintiff did not struggle or resist. *See id*. at 7.

After a few moments, several more officers arrived, removed Plaintiff from her RV, and placed her in the back of a police car. *See id*. at 8. The officers then pulled Plaintiff out of the police car and placed her back inside "for the benefit of the TV News [c]ameras which they had called and had arrived." *Id*. The officers called animal control to have Plaintiff's dog impounded. *See id*.

Plaintiff informed the officers "that she [wa]s injured and need[ed] medical attention." *Id*. Plaintiff waited in the back of the police car for at least an hour. *See id*. When Plaintiff attempted to speak to one of the officers, he "slam[med] the car door in her face." *Id*. When another officer "attempt[ed] to question and coerce [Plaintiff] into making incriminating statements," Plaintiff "refuse[d] to speak with him." *Id*. In response, the officer told Plaintiff "that she w[ould] be prosecuted for having caused injury to one of the other [o]fficers . . . despite the [o]fficers admitting to the news reporters on scene at the time that [Plaintiff] did not . . . cause . . . any injury." *Id*. The officers arrested Plaintiff "without probable cause or warrant" and transported Plaintiff to jail. *Id*. at 9.

The police department defamed Plaintiff by telling the media that Plaintiff "had committed, and been charged with, 'felony resisting arrest[.]'" *Id*. Plaintiff was never charged with a crime and was never issued a citation for her alleged parking violation. *See id*. at 10. "For at least two weeks [Plaintiff]'s arms and ribs were in extreme pain with deep, dark bruising . . . ." *Id*. at 9. Plaintiff "has been severely depressed and suffers anxiety because of [Defendants'] actions." *Id*. at 10. Plaintiff "has been unable to work as often, and rarely feels safe leaving, or being in, her RV home." *Id*. Plaintiff "has had to

pay $100 to recover her dog, [pay] $1,153.05 in hospital billings, . . . post a $500 bail bond", and "lost at least $6,000 in employment pay." *Id.*

Defendant City, its police department, and officers "have deliberately and intentionally created, and have a policy and practice of creating, 'crimes' where none exist, and a policy of enabling and tolerating the willful escalation of minor situations into confrontational disasters without regard to the rights of citizens acting lawfully and out of necessity . . . ." *Id.* "Despite proffering purported 'policies' against such behaviors, [Defendant] City has failed to train its [o]fficers, declines to teach or encourage its [o]fficers not to foster situations that allow them to meaninglessly assert 'authority' whenever possible, and expressly and implicitly condones, allows & permits them to attack innocent citizens under color of authority when such is not justified." *Id.*

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)).

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). When considering a motion to dismiss, a

court must accept as true all "well-pleaded factual allegations . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## IV. DISCUSSION

### a. Violation of 42 U.S.C. § 1983 (4th and 14th Amendments) against Defendants City and DOES 1-25 (claim 1)

Defendant City asserts that Plaintiff fails to specify which constitutional claims are alleged against which Defendant or which Defendant participated in the alleged constitutional violations. Defendant City contends that Plaintiff's allegations regarding DOE Defendants' actions fail to create a basis for liability as to Defendant City pursuant to 42 U.S.C. § 1983. Plaintiff states that "[t]his claim seeks to hold those participants, namely the Police Officers . . . who used unreasonable and unnecessary force on Plaintiff, liable for their actions." (ECF No. 8 at 5). Plaintiff states that she "does not object" to Defendants City and Sowadski's "dismissal without prejudice from the first cause of action; she will agree to proceed with this Claim against the Police Officer Defendants." *Id*.

Courts will grant a motion to dismiss when the non-moving party files a notice of non-opposition. *See* CivLR 7.1(f)(3)(a); *see e.g.*, *Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07cv01899 WQH (BLM), 2008 WL 686683, at *3 (S.D. Cal. Mar. 13, 2008) (same); *Reyes v. United States*, No. 3:20-cv-01752-WQH-LL, 2021 WL 615045, at *8 (S.D. Cal. Feb. 16, 2021) (same). The Court will grant Defendants City and Sowadski's Motion to Dismiss Plaintiff's first causes of action for violation of 42 U.S.C. § 1983 as to Defendants City and Sowadski because Plaintiff has made a clear statement of non-opposition to dismissal of this claim as to Defendants City and Sowadski. *See* ECF No. 8 at 5; *see e.g.*, *Palomares*, 2008 WL 686683, at *3 ("The Court will grant the Motion to

Dismiss the causes of action against Bear Stearns for violation of California Civil Code sections 1920 and 1921, concealment, negligent misrepresentation, negligence and breach of the implied covenant of good faith and fair dealing because Plaintiffs have made a clear statement of non-opposition to dismissal of these claims."); *Reyes*, 2021 WL 615045, at *8 ("The Court will grant Defendant United States' Motion to Dismiss Plaintiff's fifth, sixth, seventh, eighth, and tenth causes of action for violations of the FTCA as to Defendants DOE CBP officers because Plaintiff has made a clear statement of non-opposition to dismissal of these claims as to Defendants DOE CBP officers.").

### b. Failure to Train, Supervise, and Discipline in Violation of 42 U.S.C. § 1983 against Defendant City (claim 4)

Defendant City asserts that Plaintiff alleges facts regarding excessive force but fails to connect the alleged facts to a specific policy or custom. Defendant City contends that Plaintiff's allegations are overly broad, conclusory, and fail to provide reasonable notice as to what policy or custom is at issue in this litigation. Plaintiff asserts that the Complaint identifies three challenged policies regarding use of force, creating crimes where none exist, and enabling and tolerating willful escalation of minor situations. Plaintiff asserts that the Complaint describes how the policies are deficient, how the policies amount to deliberate indifference, and how the policies harmed Plaintiff.

A municipality or governmental entity cannot be found liable under § 1983 on "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Liability can be imposed on local governing bodies for injuries inflicted pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. "The Supreme Court made clear that in addition to an official policy, a municipality may be sued for 'constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the [governmental] body's official decisionmaking channels.'" *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) (alteration in original) (quoting *Monell*, 436 U.S. at 690-91), *as amended on denial of reh'g* (Jan. 12,

1996). "[F]our conditions [ ] must be satisfied in order to establish municipal liability for failing to act to preserve constitutional rights: (1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (third alteration in original).

The Court has dismissed Plaintiff's 42 U.S.C. § 1983 claim with respect to Defendants City and Sowadski. The Court need not reach the issue of whether the alleged constitutional violations by Defendants City and Sowadski were caused by Defendant City's municipal policy or custom. *See id.*; *see e.g.*, *Ervin v. Cty. of San Diego*, No. 14cv1142-WQH-BGS, 2019 WL 4858378, at *12 (S.D. Cal. Oct. 2, 2019) ("The Court has dismissed Plaintiff's 42 U.S.C. § 1983 claims with respect to Defendant County, therefore, Plaintiff cannot show that he was deprived of a constitutional right. Because the Court concludes that Plaintiff was not deprived of a constitutional right, Plaintiff cannot establish municipal liability and the Court need not reach the issue of whether the alleged constitutional violation was caused by a custom or policy of the County."). The Court concludes that Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant City. Plaintiff's fourth claim is dismissed without prejudice.

### c. State Law Causes of Action (claims 2-3 and 5-8)

The federal causes of action for violations of the 4th and 14th Amendments (claim 1) and 42 U.S.C. § 1983 (claim 4) have been dismissed. The remaining causes of action for assault/battery (claim 2), negligence (claim 3), false arrest/imprisonment (claim 5), IIED (claim 6), defamation (claim 7), and (8) violation of California Civil Code § 52.1 do not arise under federal law. The Complaint contends that jurisdiction is proper in this Court based on federal question jurisdiction over the federal law claims and supplemental jurisdiction over the remaining state law claims. *See* ECF No. 1 at 2.

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Having dismissed the only federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *see e.g.*, *Wesley-Willis v. Cajon Valley Union Sch. Dist.*, No. 17cv1662-WQH-WVG, 2018 WL 1010504, at *2 (S.D. Cal. Feb. 22, 2018) ("Having dismissed the only federal claims asserted by Wesley-Willis in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)."); *Swartzlander v. Capital Mgmt. Servs.*, LP, No. 19cv580-WQH-BGS, 2019 WL 3429186, at *4 (S.D. Cal. July 30, 2019) ("Having dismissed the only federal claim asserted by Plaintiff against Defendant, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).").

### V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants City of San Diego and Sylvia Sowadski (ECF No. 5) is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice. Any motion for leave to file an amended pleading must be filed within 30 days of this Order.

1   IT IS FURTHER ORDERED that the Motion to Strike filed by Defendants City of
2  San Diego and Sylvia Sowadski (ECF No. 5) is DENIED as moot.
3   Dated: March 18, 2021

*[signature]*
Hon. William Q. Hayes
United States District Court